Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:       mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiff
MAYCO M. RODRIQUE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MAYCO M. RODRIQUE,<br><br>         Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 20,<br><br>         Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This is a civil rights action arising out of the use of unreasonable force against MAYCO M. RODRIQUE by a sheriff's deputy employed by the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and its Sheriff, SCOTT R. JONES, at the Sacramento County Main Jail.

## JURISDICTION & VENUE

1.  This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.  Venue is proper in the United State District Court for the Eastern District of California

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

4. Plaintiff MAYCO M. RODRIQUE filed a government claim with the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT regarding the claims asserted herein on November 8, 2017. Plaintiff MAYCO M. RODRIQUE's government claim was rejected by operation of law. *See* Cal. Gov. Code § 912.4(c).

## PARTIES

5. Plaintiff MAYCO M. RODRIQUE is a resident of the State of California, County of Sacramento.

6. Defendant COUNTY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

7. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8. Defendant SCOTT R. JONES is, and at all times material herein was, the Sheriff of the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT. Defendant SCOTT R. JONES is sued in his individual capacity.

9. Defendant DOE 1 is, and at all material times herein was, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendant DOE 1 is sued in his individual capacity.

10. Defendant DOE 2 is, and at all material times herein was, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendant DOE 2 is sued in his individual capacity.

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

11. Defendant DOE 3 is, and at all material times herein was, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of that agency or employment and under color of state law. Defendant DOE 3 is sued in his individual capacity.

12. Defendants DOE 1 to 20 are and/or were agents or employees of Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and acted within the scope of that agency or employment and under color of state law. The true and correct names of Defendants DOE 1 to 20 are not now known to Plaintiff MAYCO M. RODRIQUE who sues Defendants DOE 1 to 20 by their fictitious names and will substitute the true and correct names of Defendants DOE 1 to 20 when ascertained.

**GENERAL ALLEGATIONS**

13. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

14. On October 21, 2017, in the afternoon, Plaintiff MAYCO M. RODRIQUE was arrested and transported to the Sacramento County Main Jail located at 651 I Street, Sacramento, California.

15. The Sacramento County Main Jail is maintained and operated by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and the Sheriff, Defendant SCOTT R. JONES.

16. Plaintiff MAYCO M. RODRIQUE was being processed through the jail's booking procedures by and under the direct supervision of Defendants DOE 1, DOE 2, and DOE 3.

17. Defendants DOE 1, DOE 2, and DOE 3 instructed Plaintiff MAYCO M. RODRIQUE to remove his shoes and to remove shoelaces from his shoes in the "pat-down" area of booking.

18. Plaintiff MAYCO M. RODRIQUE commented that "the law has changed" because, on prior occasions that he was in custody at the jail, he was not required to remove his shoelaces.

19. Defendant DOE 1 responded, "What did you say?"

20. Plaintiff MAYCO M. RODRIQUE responded, "I said, 'the law has changed.'"

21. Defendant DOE 1 grabbed Plaintiff MAYCO M. RODRIQUE's head and forcefully slammed in against the wall.

22. Defendants DOE 1, DOE 2, and DOE 3 then pinned Plaintiff MAYCO M. RODRIQUE against the wall.

23. Defendant DOE 1 grabbed Plaintiff MAYCO M. RODRIQUE's right arm and twisted it behind his back.

24. Plaintiff MAYCO M. RODRIQUE warned Defendant DOE 1 that he had recently undergone surgery on his right arm, that no pressure was to be applied to the site of the surgery, and that he feared his arm would break if further pressure was applied.

25. Defendant DOE 1 responded, "I don't give a fuck. I'll break your arm."

26. Defendant DOE 1 applied further pressure to Plaintiff MAYCO M. RODRIQUE's right arm while twisting it further.

27. Plaintiff MAYCO M. RODRIQUE felt a "snapping" sensation and experienced severe pain in his right arm.

28. Plaintiff MAYCO M. RODRIQUE was slammed to the ground by Defendants DOE 1, DOE 2, and DOE 3.

29. Plaintiff MAYCO M. RODRIQUE was "hogtied," with his arms and legs tied, and dragged on the ground by Defendants DOE 1, DOE 2, and DOE 3 into a solitary cell.

30. Plaintiff MAYCO M. RODRIQUE was left in the solitary cell.

31. Plaintiff MAYCO M. RODRIQUE felt that his right arm was limp and swollen. Plaintiff MAYCO M. RODRIQUE was experiencing such severe pain that he was in tears.

32. Plaintiff MAYCO M. RODRIQUE knocked on the door of his solitary cell, requesting medical assistance for his right arm.

33. Defendant DOE 1 opened the cover of the outside viewing portal into the solitary cell.

34. Defendant DOE 1 pointed at Plaintiff MAYCO M. RODRIQUE, in distress because of his injured arm, and laughed.

35. Plaintiff MAYCO M. RODRIQUE said that he needed a nurse because his arm was injured.

36. Defendant DOE 1 responded, "Shut up."

37. Defendant DOE 1 closed the cover of the outside viewing portal into the solitary cell.

38. Plaintiff MAYCO M. RODRIQUE remained in the solitary cell for approximately 15 to 20 minutes. Plaintiff MAYCO M. RODRIQUE requested medical assistance for his arm to no avail, during that period of time.

39. Defendants DOE 1, DOE 2, and DOE 3 removed Plaintiff MAYCO M. RODRIQUE from the solitary cell and transported him to the jail's nursing station.

40. Defendant DOE 1 stood over Plaintiff MAYCO M. RODRIQUE as the nurse questioned him, intimidating him.

41. The nurse asked Plaintiff MAYCO M. RODRIQUE, "What happened?" Plaintiff MAYCO M. RODRIQUE's arm was severely swollen and he was in tears.

42. Plaintiff MAYCO M. RODRIQUE responded, "Nothing." Plaintiff MAYCO M. RODRIQUE limited his complaint to the nurse, despite the great pain in his right arm, because he feared further retaliation from Defendants DOE 1, DOE 2, and DOE 3.

43. The nurse responded that Plaintiff MAYCO M. RODRIQUE's arm looked "really bad."

44. Defendants DOE 1, DOE 2, and DOE 3 lied to the nurse by telling her that Plaintiff MAYCO M. RODRIQUE had "resisted." At no time did Plaintiff MAYCO M. RODRIQUE resist Defendants DOE 1, DOE 2, and DOE 3's orders or directions.

45. Plaintiff MAYCO M. RODRIQUE was then taken to the fingerprinting station by Defendants DOE 1, DOE 2, and DOE 3.

46. Defendant DOE 1 pressed Plaintiff MAYCO M. RODRIQUE's arms and fingers forcefully during the fingerprinting process, causing severe pain to his right arm.

47. Plaintiff MAYCO M. RODRIQUE completed the booking process and was sent to the jail's housing unit.

48. Around 6 p.m., Plaintiff MAYCO M. RODRIQUE obtained a grievance form. Plaintiff MAYCO M. RODRIQUE wrote a grievance concerning his treatment by Defendants DOE 1, DOE 2, and DOE 3 and complaining that his arm had been broken during booking. Plaintiff MAYCO M. RODRIQUE gave his grievance to the night shift officer who said he would take care of it. Plaintiff MAYCO M. RODRIQUE asked the officer if the grievance had been complete on multiple occasions and received the same response every time: "I forgot."

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

49. On October 22, 2017, around 2 or 3 a.m., Plaintiff MAYCO M. RODRIQUE was taken from his cell to the jail's medical facility.

50. A nurse performed an x-ray on Plaintiff MAYCO M. RODRIQUE's arm. The x-ray images confirmed that Plaintiff MAYCO M. RODRIQUE's right arm was fractured. Plaintiff MAYCO M. RODRIQUE was provided with a cloth cast for his right arm.

51. Some days later, Plaintiff MAYCO M. RODRIQUE was taken to an orthopedist. The doctor placed a cast on Plaintiff MAYCO M. RODRIQUE's right arm. The doctor told Plaintiff MAYCO M. RODRIQUE that he could expect a recovery timeline of two to three years.

## **POLICY, CUSTOM, OR PRACTICE ALLEGATIONS**

52. Defendant SCOTT R. JONES, acting as Sheriff, was a final policy-making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of sheriff's deputies employed at the Sacramento County Main Jail and acting under his command. *See* Cal. Const. art. XI, § 1(b).

53. Defendants DOE 4 to 20 are/were policy-making authorities, based on a delegation of authority, for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of sheriff's deputies employed at the Sacramento County Main Jail and acting under their command.

54. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 4 to 20, acting under color of state law and as policy-making authorities, knew or should have known that subordinate employees under their command, including Defendants DOE 1, DOE 2, and DOE 3 were inadequately trained, supervised, or disciplined resulting from their inadequate policies, customs, or practices concerning the use of unreasonable force against jail inmates by their subordinates.

55. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 4 to 20 were or should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including multiple past and subsequent instances of use of unreasonable force against inmates at the Sacramento County Main Jail by Defendants COUNTY OF SACRAMENTO, SACRAMENTO

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

COUNTY SHERIFF'S DEPARTMENT, and SCOTT R. JONES's subordinates, including misconduct that occurred in an open setting within the Sacramento County Main Jail, demonstrating that action was taken with impunity, without intervention by others, and/or with integral participation by others:

> i) Multiple jury verdicts against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and/or their subordinates. *See*, *e.g.*, *Jones v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:09-cv-1025-DAD (jury verdict for excessive force against five sheriff's deputies); *Antoine v. County of Sacramento* U.S. Dist. Ct., E.D. Cal. Case No. 2:06-cv-01349-WBS-GGH (jury verdict for excessive force against five sheriff's deputies); *Hunter v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:06-cv-00457-GEB-AC (jury verdict for policy or custom of subjecting inmates to excessive force against the County of Sacramento); *Tubbs v. Sacramento County Jail*, U.S. Dist. Ct., E.D. Cal. Case No. 2:06-cv-00280-LKK-GGH (jury verdict for excessive force and integral participation against four sheriff's deputies); *Johnson v. Sacramento County*, U.S. Dist. Ct., E.D. Cal. Case No. 2:06-cv-00169-RRB-GGH (jury verdict for excessive force against multiple sheriff's deputies).
>
> ii) Multiple settlements paid by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT to settle litigation. *See*, *e.g.*, *Aviña-Luna v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:14-cv-01295-TLN-DAD (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm during jail booking); *Salinas v. County of Sacramento*, Cal. Super. Ct., County of Sacramento, Case No. 34-2013-00152323 (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm during jail booking); *Abdallah v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:11-cv-00625-MCE-KJN (settlement of action alleging that five sheriff's deputies beat the plaintiff into unconsciousness during jail booking, causing a lacerated liver, multiple cracked ribs, a broken nose, and facial lacerations); *Duran v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:10-cv-03301-GEB-GGH (settlement of action alleging that a sheriff's deputy broke the plaintiff's left arm during jail booking).

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

  iii) Prior complaints and pending litigation against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and SCOTT R. JONES involving the same subject matter. *See*, *e.g.*, *Ennis v. County of Sacramento*, U.S. Dist. Ct., E.D. Cal. Case No. 2:17-cv-02052-KJM-EFB (alleging that a sheriff's deputy broke the plaintiff's left wrist during jail booking, after the plaintiff had specifically warned the sheriff's deputy that her wrist had been previously injured).

56. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 4 to 20 were or should have been on notice regarding the need to discontinue, modify, and implement new and different versions of the policies, customs, or practices because the inadequacies were so obvious and likely to result in the violation of inmates' constitutional rights.

57. On information and belief, additional evidence and information related to Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 4 to 20's policies, customs, or practices will be sought and obtained during the course of this litigation. Although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, on information and belief, Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 4 to 20 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

## FIRST CLAIM

### Unreasonable Force

**(Fourth and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983)**

58. The First Claim is asserted by Plaintiff MAYCO M. RODRIQUE against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 20.

59. Plaintiff MAYCO M. RODRIQUE realleges and incorporates the allegations of the preceding paragraphs 1 to 57, to the extent relevant, as if fully set forth in this Claim.

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

60. Defendant DOE 1, acting or purporting to act in the performance of his official duties as a law enforcement officer, utilized excessive and unreasonable force against Plaintiff MAYCO M. RODRIQUE, in violation of his rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

61. Defendants DOE 2 and DOE 3, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede and/or were integral participants to Defendant DOE 1's actions.

62. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 4 to 20, acting under color of state law and as policy-making authorities, knew or should have known that subordinate employees under their command, including Defendants DOE 1, DOE 2, and DOE 3, were inadequately trained, supervised, or disciplined resulting from their inadequate policies, customs, or practices concerning the use of unreasonable force against jail inmates by their subordinates, in violation of Plaintiff MAYCO M. RODRIQUE's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution.

63. Defendants SCOTT R. JONES and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff MAYCO M. RODRIQUE's rights secured by the Fourth and Fourteenth Amendments of the U.S. Constitution, or were wantonly or oppressively done.

64. As a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 20's actions and inactions, Plaintiff MAYCO M. RODRIQUE suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 20, and punitive damages against Defendants SCOTT R. JONES and DOE 1 to 20.

WHEREFORE, Plaintiff MAYCO M. RODRIQUE prays for relief as hereunder appears.

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

## SECOND CLAIM

### Unreasonable Force

### (Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a))

65. The Second Claim is asserted by Plaintiff MAYCO M. RODRIQUE against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 20.

66. Plaintiff MAYCO M. RODRIQUE realleges and incorporates the allegations of the preceding paragraphs 1 to 57, to the extent relevant, as if fully set forth in this Claim.

67. Defendant DOE 1, acting or purporting to act in the performance of his official duties as a law enforcement officer, utilized excessive and unreasonable force against Plaintiff MAYCO M. RODRIQUE, in violation of his rights secured by art. I, § 13 of the California Constitution.

68. Defendants DOE 2 and DOE 3, acting or purporting to act in the performance of their official duties as law enforcement officers, aided and abetted Defendant DOE 1's actions.

69. Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 4 to 20, acting under color of state law and as policy-making authorities, knew or should have known that subordinate employees under their command, including Defendant DOE 1, DOE 2, and DOE 3 were inadequately trained, supervised, or disciplined resulting from their inadequate policies, customs, or practices concerning the use of unreasonable force against jail inmates by their subordinates, in violation of Plaintiff MAYCO M. RODRIQUE's rights secured by art. I, § 13 of the California Constitution.

70. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

71. Defendants SCOTT R. JONES and DOE 1 to 20's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiff MAYCO M. RODRIQUE.

72. As a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 20's

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

actions and inactions, Plaintiff MAYCO M. RODRIQUE suffered injuries entitling him to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 20, and punitive damages against Defendants SCOTT R. JONES and DOE 1 to 20.

WHEREFORE, Plaintiff MAYCO M. RODRIQUE prays for relief as hereunder appears.

## THIRD CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1(b); Cal. Gov. Code § 820(a))

73. The Third Claim is asserted by Plaintiff MAYCO M. RODRIQUE against Defendants SCOTT R. JONES and DOE 1 to 20.

74. Plaintiff MAYCO M. RODRIQUE realleges and incorporates the allegations of the preceding paragraphs 1 to 72, to the extent relevant, as if fully set forth in this Claim.

75. Defendant DOE 1, acting or purporting to act in the performance of his official duties as a law enforcement officer, intentionally by threats, intimidation, or coercion, utilized excessive and unreasonable force against Plaintiff MAYCO M. RODRIQUE, in violation of his rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and art. I, § 13 of the California Constitution.

76. Defendants DOE 2 and DOE 3, acting or purporting to act in the performance of their official duties as law enforcement officers, aided and abetted Defendant DOE 1's actions.

77. Defendants SCOTT R. JONES and DOE 4 to 20, acting under color of state law and as policy-making authorities, acted with deliberately indifference where they knew or should have known that subordinate employees under their command, including Defendant DOE 1, DOE 2, and DOE 3 were inadequately trained, supervised, or disciplined resulting from their inadequate policies, customs, or practices concerning the use of unreasonable force against jail inmates by their subordinates in violation of Plaintiff MAYCO M. RODRIQUE's rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution and art. I, § 13 of the California Constitution.

78. Defendants SCOTT R. JONES and DOE 1 to 20's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiff MAYCO M. RODRIQUE.

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

79. As a direct and proximate result of Defendants SCOTT R. JONES and DOE 1 to 20's actions and inactions, Plaintiff MAYCO M. RODRIQUE suffered injuries entitling him to receive compensatory and punitive damages and statutory penalties against Defendants SCOTT R. JONES and DOE 1 to 20.

WHEREFORE, Plaintiff MAYCO M. RODRIQUE prays for relief as hereunder appears.

## FOURTH CLAIM

### Assault/Battery

### (Cal. Gov. Code § 820(a))

80. The Fourth Claim is asserted by Plaintiff MAYCO M. RODRIQUE against Defendants DOE 1 to 3.

81. Plaintiff MAYCO M. RODRIQUE realleges and incorporates the allegations of the preceding paragraphs 1 to 51, to the extent relevant, as if fully set forth in this Claim.

82. Defendant DOE 1, acting or purporting to act in the performance of his official duties as a law enforcement officer, intentionally touched Plaintiff MAYCO M. RODRIQUE without consent and that touching constituted use of unreasonable force.

83. Defendants DOE 2 and DOE 3, acting or purporting to act in the performance of their official duties as law enforcement officers, aided and abetted Defendant DOE 1's actions.

84. Defendant DOE 1 to 3's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiff MAYCO M. RODRIQUE.

85. As a direct and proximate result of Defendant DOE 1 to 3's actions and inactions, Plaintiff MAYCO M. RODRIQUE suffered injuries entitling him to receive compensatory and punitive damages against Defendant DOE 1.

WHEREFORE, Plaintiff MAYCO M. RODRIQUE prays for relief as hereunder appears.

## FIFTH CLAIM

### Intentional Infliction of Emotional Distress

### (Cal. Gov. Code § 820(a))

86. The Fifth Claim is asserted by Plaintiff MAYCO M. RODRIQUE against Defendants SCOTT R. JONES and DOE 1 to 20.

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

87. Plaintiff MAYCO M. RODRIQUE realleges and incorporates the allegations of the preceding paragraphs 1 to 57, to the extent relevant, as if fully set forth in this Claim.

88. Defendants SCOTT R. JONES and DOE 1 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in outrageous conduct and, as a result that outrageous conduct, Plaintiff MAYCO M. RODRIQUE did suffer severe emotional distress.

89. Defendants SCOTT R. JONES and DOE 1 to 20's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiff MAYCO M. RODRIQUE.

90. As a direct and proximate result of Defendants SCOTT R. JONES and DOE 1 to 20's actions and inactions, Plaintiff MAYCO M. RODRIQUE suffered injuries entitling him to receive compensatory and punitive damages against Defendants SCOTT R. JONES and DOE 1 to 20.

WHEREFORE, Plaintiff MAYCO M. RODRIQUE prays for relief as hereunder appears.

## **SIXTH CLAIM**

### Negligence

### (Cal. Gov. Code § 820(a))

91. The Sixth Claim is asserted by Plaintiff MAYCO M. RODRIQUE against Defendants SCOTT R. JONES and DOE 1 to 20.

92. Plaintiff MAYCO M. RODRIQUE realleges and incorporates the allegations of the preceding paragraphs 1 to 57, to the extent relevant, as if fully set forth in this Claim.

93. Defendants SCOTT R. JONES and DOE 1 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiff MAYCO M. RODRIQUE a duty of care and breached that duty.

94. Defendants SCOTT R. JONES and DOE 1 to 20's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiff MAYCO M. RODRIQUE.

95. As a direct and proximate result of Defendants SCOTT R. JONES and DOE 1 to 20's actions and inactions, Plaintiff MAYCO M. RODRIQUE suffered injuries entitling him to receive compensatory and punitive damages against Defendants SCOTT R. JONES and DOE 1 to 20.

WHEREFORE, Plaintiff MAYCO M. RODRIQUE prays for relief as hereunder appears.

13

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAYCO M. RODRIQUE seeks Judgment as follows:

1. For an award of compensatory, general, and special damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DOE 1 to 20, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants SCOTT R. JONES and DOE 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3. For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

5. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: December 28, 2017

Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:	(916) 443-6911
Facsimile:	(916) 447-8336

Attorneys for Plaintiff
MAYCO M. RODRIQUE

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiff MAYCO M. RODRIQUE.

Dated: December 28, 2017  Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336

Attorneys for Plaintiff
MAYCO M. RODRIQUE

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rodrique v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____