UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MAYCO M. RODRIQUE, | CIV. NO. 2:17-2698 WBS EFB |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTIONS TO STRIKE AFFIRMATIVE DEFENSES |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff Mayco M. Rodrique brings this action against the County of Sacramento ("the County"), the Sacramento County Sheriff's Department ("the Sheriff's Department), Sacramento County Sheriff Scott R. Jones ("Jones"), and Does 1 through 20, alleging civil rights violations associated with the breaking of plaintiff's arm by staff at the Sacramento County Main Jail. Plaintiff now moves to strike all affirmative defenses alleged in Jones' Second Amended Answer, the County's Second Amended Answer, and the Sheriff's Department's First Amended Answer.

I. Factual and Procedural Background

Plaintiff filed his Complaint on December 28, 2017, asserting the following claims: (1) unreasonable force pursuant

1

to 42. U.S.C. § 1983; (2) unreasonable force pursuant to Article I, § 13 of the California Constitution and Cal. Gov. Code §§ 815.2(a) and 820(a); (3) violation of the Bane Act, Cal Civ. Code § 52.1(b); (4) assault/battery pursuant to Cal. Gov. Code § 820(a); (5) Intentional Infliction of Emotional Distress pursuant to Cal. Gov. Code § 820(a); and (6) negligence pursuant to Cal. Gov. Code § 820(a). (Compl. (Docket No. 1).)

On March 7, 2018, Jones, the County, and the Sheriff's Department filed the Amended Answers currently at issue. (Docket Nos. 14, 15, 16.) In these Answers, Jones asserts nine affirmative defenses, while the County and the Sheriff's Department assert seven. On March 22, 2018, plaintiff filed the current Motions to Strike (Docket Nos. 17, 18).[1]

II. Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993) (quotation marks, citation, and first alteration omitted), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

III. Discussion

---

[1] Plaintiff filed one Motion in regard to Jones' Answer, (Docket No. 18) and a separate Motion in regard to both the County's Answer and the Sheriff's Department's Answer (Docket No. 17).

A. <u>Affirmative Defense Pleading Standard</u>

Plaintiff requests that the court extend the rationale set forth in <u>Bell Atlantic Corporation v. Twombly</u>, 550 U. S. (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), to all pleadings, including those for affirmative defenses. (Pl.'s Mem. of P. & A. in Supp. of Mot. to Strike County and Sheriff's Department's Answer (Docket No. 17-1) at 3.) Plaintiff points out that a number of district courts have applied this heightened pleading standard to affirmative defenses in the wake of the <u>Twombly</u> and <u>Iqbal</u> decisions. (<u>Id.</u>)

This court has previously stated that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." <u>Harris v. Chipotle Mexican Grill, Inc.</u>, 303 F.R.D. 625, 628 (E.D. Cal. 2014) (citing <u>Kohler v. Islands Rest.</u>, 280 F.R.D. 560, 564 (S.D. Cal. 2012); <u>Wyshak v. City Nat'l. Bank</u>, 607 F.2d 824, 827 (9th Cir.1979)). However, the court concludes that in this case it need not determine whether to apply the "all-pleading approach" or the "fair notice" pleading standard because the court reaches the same conclusion regardless of which standard is applied.

B. <u>Defendants' Denial of Condition Precedent</u>

Plaintiff's Complaint alleges that he "filed a government claim with the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT regarding the claims asserted herein on November 8, 2017. Plaintiff MARCO M. RODRIQUE's government claim was rejected by operation of law." (Compl. ¶ 4.) All defendants included the same paragraph in their Amended Answers in response to that allegation:

3

> In answering paragraph 4 of the Complaint, Defendant admits that Plaintiff filed a Government Tort Claim with the County of Sacramento on November 8, 2017. As to the remaining allegations, Defendant responds that the allegations set forth therein are argument and/or legal conclusions, as opposed to factual allegations, to which no response in required. To the extent any of the remaining allegations are factual in nature, Defendant expressly denies those allegations.

(Docket Nos. 14 ¶ 5; 15 ¶ 5; 16 ¶ 5.)

The court concludes that defendants' responses are adequate. The only factual assertion contained in paragraph four of the Complaint is that plaintiff filed a Government Claim Act, a fact that defendants admit. Everything else is legal argument, and as such defendants are not required to either answer or deny these statements. See Fed. R. Civ. P. 8(b)(1)(B). Accordingly, because defendants have denied all of the factual matters asserted by plaintiff in paragraph four of the Complaint, plaintiff's Motion to Strike defendants' denials as set forth in paragraph five of their Answers is denied.

C. Affirmative Defenses One (Contributory Negligence), Two (Assumption of Risk), and Eight (Lawful Conduct)

Plaintiff argues the affirmative defenses in this group are negative defenses redundantly pled as affirmative defenses. Plaintiff's counsel previously presented this identical argument to Judge England, and he denied plaintiff's Motion to Strike all of these defenses. See Jing Jing Yao v. City of Folsom, Civ. No. 2:16-2609 MCE AC, 2017 WL 1383274 at *2 (E.D. Cal. Apr. 18, 2017). For the same reasoning relied upon by Judge England, this

4

court will also deny plaintiff's Motion as to defendants' first, second, and eighth affirmative defenses.[2]

D.  Affirmative Defense Three (Unspecific State Statutory Immunities)

Plaintiff argues this defense is factually insufficient. In Vargas v. County of Yolo, Civ. No. 2:15-2537 TLN CKD, 2016 WL 3916329 (E.D. Cal. July 20, 2016), defendants submitted an affirmative defense worded nearly identically to this affirmative defense. Judge Nunley determined the defense was sufficient. For the same reasons expressed by Judge Nunley, the court here concludes that plaintiff's Motion to Strike defendants' third affirmative defense should be denied.[3]

E.  Affirmative Defense Four (Self-Defense or Defense of Others)

Plaintiff argues this is a negative defense redundantly pled as an affirmative defense. This court rejected an identical argument brought by plaintiff's counsel in another case in September 2017. See Mann v. City of Sacramento, Civ. No. 2:17-1201 WBS DB, (Docket No. 22) at 2 (E.D. Cal. Sept. 19, 2017). For the same reasoning expressed in that case, the court will deny plaintiff's Motion to Strike this affirmative defense.

F.  Affirmative Defense Five (Discretionary Immunity)

1.  Jones

Plaintiff argues this defense is legally insufficient

---

[2] Defendants concede that the first and second affirmative defenses must be limited only to negligence claims.

[3] Defendants concede that this affirmative defense applies only to state law claims.

"because discretionary immunity does not apply to training and supervision decisions." (Pl.'s Mem. of P. & A. in Supp. of Mot. to Strike Jones (Docket No. 18-1) at 11.) Judge Ishii rejected this same argument brought by plaintiff's counsel in another case in August 2017. See Neylon v. County of Inyo, Civ. No. 1:16-712 AWI JLT, 2017 WL 3670925, at *9 (E.D. Cal. Aug. 25, 2017). For the same reason expressed by Judge Ishii, the court here will deny plaintiff's Motion to Strike this defense.

        2.   The County and the Sheriff's Department

Plaintiff argues the County's and Sheriff's Department fifth affirmative defense is both legally and factually insufficient. For the same reasoning as explained above, the court concludes that this affirmative defense is legally sufficient. However, the court agrees that this defense is pled without sufficient factual support. Judge Ishii previously rejected a nearly identical affirmative defense, concluding that the asserted affirmative defense did not provide the plaintiff with fair notice. See Neylon, 2017 WL 3670925 at *10. For the same reasons articulated by Judge Ishii, the fifth affirmative defense as pled here is too vague to provide fair notice, and thus the court will strike it as factually insufficient. However, because it appears that defendants may properly plead a § 820.2 defense, leave to amend the fifth affirmative defense will be granted. See id. (citing Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979)).

    G.   Affirmative Defense Six (Contributory Fault) and Seven (Failure to Mitigate Damages

Plaintiff asserts that the affirmative defenses in this

group are factually insufficient, legally insufficient, and negative defenses redundantly pled as affirmative defenses. Plaintiff's arguments have previously been rejected by Judge England in Edwards v. County of Modoc, Civ. No. 2:14-2646 MCE, 2015 WL 4456180, at *2 (E.D. Cal. July 20, 2015). For the same reasoning as expressed in that case, the court here will deny plaintiff's Motion to Strike defendants' sixth and seventh affirmative defenses.

       H.    Affirmative Defense Nine (Qualified Immunity)

Plaintiff contends this defense is factually insufficient. This identical argument has already been made by plaintiff's counsel and rejected by courts in this district. See, e.g., Basque v. County of Placer, Civ. No. 2:16-2760 KJN, 2017 WL 950503 (E.D. Cal. Mar. 10, 2017). For the same reasoning explained in Basque, the Motion to Strike this affirmative defense will be denied.[4]

IT IS THEREFORE ORDERED that plaintiff's Motion to Strike Affirmative Defenses from the County's and the Sheriff's Department's Answers (Docket No. 17) be, and the same hereby is, GRANTED with regard to the County's and the Sheriff's Department's Fifth Affirmative Defense and DENIED with regard to all other affirmative defenses.

IT IS FURTHER ORDERED that plaintiff's Motion to Strike Affirmative Defenses from Jones' Answer (Docket No. 18) be, and there same hereby is, DENIED.

---

[4] Jones concedes that this affirmative defense is only relevant to the acts asserted against him pursuant to 42 U.S.C. § 1983. (Docket No. 21 at 16.)

7

Defendants County of Sacramento and Sacramento County Sheriff's Department have 20 days from the date this Order is filed to amend their Fifth Affirmative Defense, if they can do so pursuant to this Order.

Dated: April 25, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE