KARL OLSON (SBN 104760)
AARON R. FIELD (SBN 310648)
CANNATA O'TOOLE FICKES & OLSON LLP
100 Pine Street, Suite 350
San Francisco, California 94111
Telephone: (415) 409-8900
Facsimile: (415) 409-8904
Email: kolson@cofolaw.com
afield@cofolaw.com

Attorneys for Intervenor
THE SACRAMENTO BEE

JOHN A. LAVRA, CSB No.: 114533
AMANDA L. MCDERMOTT, CSB No.: 253651
LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: 916-974-8500
Facsimile: 916-974-8510
Email: lavra@longyearlaw.com
mcdermott@longyearlaw.com

Attorneys for Defendants
COUNTY OF SACRAMENTO, SACRAMENTO
COUNTY SHERIFF'S DEPARTMENT, SCOTT R.
JONES, JARROD HOPECK, and JEFFREY WILSON

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAYCO M. RODRIQUE,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, JARROD HOPECK, JEFFREY WILSON, and DOE 3 to 20,<br><br>  Defendants. | Case No. 2:17-cv-02698-WBS-EFB<br><br>**STIPULATION AND [PROPOSED] ATTORNEYS' EYES ONLY PROTECTIVE ORDER**<br><br>Date: N/A<br>Time: N/A<br>Judge: Hon. Edmund F. Brennan<br>Location: Ctrm. 8, 13th Floor |

This Stipulation and Attorneys' Eyes Only Protective Order ("Stipulation and Order") is entered into by and among Intervenor *The Sacramento Bee* ("Intervenor") and defendants County of Sacramento, Sacramento County Sheriff's Department, Scott R. Jones, Jarrod Hopeck, and Jeffrey Wilson ("defendants") (collectively, "the parties"), by and through their counsel.

WHEREAS, Intervenor moved to intervene in this matter for the purpose of, among other things, lifting or modifying a previously issued protective order, ECF No. 40, such that plaintiff Mayco M. Rodrique ("plaintiff") can disclose to Intervenor and Intervenor can receive and report to its readers and the public on documents related to the use of force incidents referenced in ECF No. 50-15, which includes at least the documents described at ECF No. 49 at 7:13-11:16.

WHEREAS, at a hearing on August 28, 2019, the Court granted Intervenor's motion to intervene and directed the parties to meet and confer further about the documents at issue in Intervenor's motion.

WHEREAS, at the August 28, 2019 hearing, and in a minute order issued thereafter, to facilitate the parties' meet and confer efforts, the Court ordered (1) the parties to file a proposed stipulated attorney's eyes only protective order; (2) defendants to provide Intervenor's counsel with the same versions of the documents at issue in Intervenor's motion, including at least the documents described at ECF No. 49 at 7:13-11:16, that defendants had previously provided to plaintiff in discovery, subject to the order; (3) the parties to meet and confer about the legality of preventing the documents at issue in Intervenor's motion from being disclosed via a protective order; and (4) the parties to present any remaining disputes to the Court in a later joint statement to be filed by October 15, 2019 and heard by the Court on October 30, 2019 at 10:00 a.m.

NOW, THEREFORE, IT IS STIPULATED AND AGREED that there is GOOD CAUSE to ORDER:

## I. PROVISION TO COUNSEL

1. Subject to the terms of this Stipulation and Order, defendants shall provide the documents at issue in Intervenor's motion, including the documents identified by bates number at ECF No. 49 at 7:13-11:16 ("the Protected Materials"), to Intervenor's counsel, Karl Olson and Aaron Field of Cannata O'Toole Fickes & Olson LLP, within three (3) calendar days by overnight mail or hand delivery.

2. The Protected Materials shall be provided in electronic "PDF" format and shall bear the same bates labels that they did when they were produced to plaintiff during discovery. Hard copies of Protected Materials will be provided to Intervenor's counsel upon their request and at their cost to copy and mail/deliver.

3. The Protected Materials shall be provided in complete and unredacted form unless they were redacted when defendants produced them to plaintiff in discovery, in which case they shall be no more redacted than they were when defendants produced them to plaintiff in discovery.

## II. DEFINITIONS

1. For purposes of this Stipulation and Order, to "Disclose" shall mean to show, provide, or convey a document to a third party.

2. For purposes of this Stipulation and Order, "COFO" shall mean Karl Olson, Aaron Field, and Cannata O'Toole Fickes & Olson LLP and its partners, associates, employees, and agents.

## III. LIMITATIONS ON USE OF PROTECTED MATERIALS

1. Unless and until otherwise ordered by the Court or agreed upon by the parties, with the exception of the disclosure required by section I.1, the Protected Materials may only be Disclosed to:

(a) COFO, counsel for Intervenor, to the extent reasonably necessary to render professional services in this action;

(b) Amanda McDermott and Longyear, O'Dea & Lavra, LLP and its partners, associates, employees, and agents, to the extent reasonably necessary to render professional services in this action;

(c) Vendors and their employees and agents with whom COFO has contracted for purely clerical functions, such as the copying of documents, who have, prior to receipt of Protected Materials, signed the Certification attached hereto as Exhibit A, and only to the extent reasonably necessary to render professional services in this action;

(d) Vendors and their employees and agents with whom COFO has contracted to administer its information technology systems, who have, prior to receipt of Protected Materials, signed the Certification attached hereto as Exhibit A, and only to the extent reasonably necessary to render professional services in this action;

(e) Mark Merin and Paul Masuhara, counsel for plaintiff, to the extent reasonably necessary to render professional services in this action and only upon signing the Certification attached hereto as Exhibit A; and

(f) The Court, as discussed *infra*.

2. COFO shall retain all original executed Certifications it obtains from the persons authorized to receive Protected Materials as identified in sections III.1.(a)-(f) for at least one year and, upon the written request of defendants, shall circulate copies to defendants' counsel.

3. Without written permission of defendants or a court order, all persons authorized to receive Protected Materials subject to sections I.1. and III. 1.(a)-(f) are prohibited from disclosing Protected Materials to the Intervenor *The Sacramento Bee*, its parent company, board members, officers, directors, independent contractors or employees, or any other news media organization, employee, or affiliate thereof.

4. Each person receiving Protected Materials must store and maintain them in a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

CANNATA O'TOOLE FICKES & OLSON LLP
ATTORNEYS AT LAW
100 PINE STREET, SUITE 350, SAN FRANCISCO CA, 94111
TEL: 415.409.8900 – FAX: 415.409.8904

5.	All counsel who have access to the Protected Materials under this Stipulation and Order acknowledge they are bound by this Stipulation and Order and submit to the jurisdiction of the court for purposes of enforcing this Stipulation and Order.

**IV.	SCOPE**

1.	The protections conferred by this Stipulation and Order cover not only Protected Materials but also (1) any information copied or extracted from Protected Materials and (2) all copies, excerpts, summaries, or compilations of Protected Materials.

**V.	COURT PROCEDURES**

1.	<u>Disclosure of the Protected Materials to Court Officials and Mediators</u>. Subject to the provisions of this section, the Protected Materials may be disclosed to the Court, Court officials, or Court employees involved in this action through means other than filing of said documents in the judicial record unless as provided *infra*.

2.	<u>Obligations of the Court</u>. The employees of the Court and the Clerk's office have no duty to the parties to maintain the confidentiality of any information in any papers filed with the Court or as otherwise ordered by the Court.

3.	<u>Filing Protected Materials with the Court</u>. If any party to this Stipulation and Order intends to file Protected Materials with the Court, it must provide notice to the other parties' legal counsel at least five (5) days before doing so and provide the other parties with an opportunity to move that the Protected Materials be filed under seal. Unless otherwise ordered by the Court or agreed upon by the parties, Protected Materials may not be publicly filed to the extent that such a motion to seal is granted, but may be publicly filed to the extent that such a motion is denied and not otherwise precluded by the Court. Any motion to seal shall comply with Eastern District Local Rule 141 and all other applicable Eastern District Local Rules.

4.	<u>Retrieval of the Protected Materials</u>. Within seventy-five (75) days after receiving notice of the entry of an order, judgment, or decree finally disposing of Intervenor's motion, including any and all appeals therefrom, all persons having received the Protected Materials shall – to the extent necessary based upon any applicable order, judgment, or decree of the Court and

agreement of the parties – return them to defendants or certify that they have been destroyed. However, COFO shall be entitled to retain all court papers, hearing transcripts, and attorney work product related to the Protected Materials, provided that COFO does not Disclose such court papers, hearing transcripts, and attorney work product except as permitted by this Stipulation and Order, any order, judgment, or decree of the Court, and any agreement of the parties.

5. <u>Use of Protected Materials in Open Court.</u> Nothing in this Stipulation and Order shall be construed to affect the parties' use of any document, material, or information at any hearing or trial. A party that intends to present or anticipates another party may present any Protected Materials or information it contends may not be Disclosed under this Stipulation and Order in open court shall bring that issue to the Court's and parties' attention without disclosing the Protected Materials. The Court may thereafter make such orders as are necessary to govern the use of such documents or information.

## VI. CLIENT COMMUNICATION

1. Notwithstanding any other provision of this Stipulation and Order, nothing in this Stipulation and Order shall prevent, restrict, or limit in any way counsel from rendering advice to their clients and, in doing so, relying upon the examination of the Protected Materials. In rendering such advice and otherwise communicating with the client, however, counsel shall not specifically Disclose any of the Protected Materials or any specific information they contain, except as permitted by this Stipulation and Order.

## VII. NO DISQUALIFICATION

1. The parties have agreed that, notwithstanding any other provision of this Stipulation and Order, COFO shall not be disqualified from any other case involving any defendant and no defendant shall seek such disqualification based on COFO's receipt of Protected Material, review of Protected Material, meet and confer efforts regarding Protected Material, and litigation regarding Protected Material pursuant to this Stipulation and Order. As the matter is not currently ripe for adjudication, this court makes no ruling on that question. However, the parties

are free to present their agreement to any court that may be called upon to decide the issue, if and when it is ripe.

**VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS**

1. If a party that received Protected Materials learns that, by inadvertence or otherwise, it has Disclosed Protected Materials to any person or in any circumstance not authorized under this Stipulation and Order, that party must immediately (a) notify in writing the defendants of the unauthorized Disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Protected Materials, (c) inform the person or persons to whom unauthorized Disclosures were made of all the terms of this Stipulation and Order, and (d) request such person or persons to execute the Certification that is attached hereto as Exhibit A.

**IX. PUBLIC INFORMATION**

1. Notwithstanding any other provision of this Stipulation and Order, nothing in this Stipulation and Order shall prevent, restrict, or limit in any way the parties or counsel from freely using, discussing, disclosing, citing to, referring to, or reporting on, in this action or any other, publicly available information or information obtained by means other than this Stipulation and Order. For example, Intervenor The Bee is free to use and disclose to the public any records which may be the subject of this Order which it obtains independently through the California Public Records Act or other lawful means not involving a violation of this Order.

2. Notwithstanding any other provision in this Order, it is understood that Intervenor's counsel at COFO are free to advocate to the Court that any or all of the documents subject to this Order shall be made public and shall not be subject to attorney's eyes only treatment.

**X. MODIFICATION AND SURVIVAL**

1. The parties reserve the right to seek modification of the Stipulation and Order at any time for good cause. The parties agree to meet and confer prior to seeking to modify this Stipulation and Order. This Stipulation and Order may only be modified by written stipulation of the parties or by order of the Court.

## XI. NO CONTRACT

1. This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their counsel.

## XII. VIOLATIONS

1. Any violations of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

## XIII. COURT'S RETENTION OF JURISDICTION

1. The Court retains jurisdiction to make any such amendments, modifications, and additions to this Stipulation and Order as it deems appropriate.

Respectfully submitted,

DATED: September 10, 2019            CANNATA O'TOOLE FICKES & OLSON LLP

By:   /s/ Karl Olson
      KARL OLSON

Karl Olson
Aaron R. Field

Attorneys for Intervenor
THE SACRAMENTO BEE

DATED: September 11, 2019            LONGYEAR, O'DEA & LAVRA, LLP

By:   /s/ Amanda L. McDermott
      AMANDA L. MCDERMOTT

Attorneys for Defendants
COUNTY OF SACRAMENTO, ET AL.

IT IS SO ORDERED.

DATED: September 16, 2019            [signature]
                                     HON. EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# CERTIFICATION

I, _____, hereby certify my understanding that Protected Materials are being provided to me pursuant to the terms and restrictions of the Stipulation and Order dated _____, in *Rodrique v. County of Sacramento,* Case No. 2:17-CV-02968-WBS-EFB (E.D. Cal.). I have been given a copy of that Order and have read it. I agree to be bound by the Order. I will not Disclose the Protected Materials to anyone, except as allowed by the Stipulation and Order. I will maintain all such Protected Materials, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to them. No later than thirty (30) days after the conclusion of this action, I will return to the counsel who provided me with the Protected Materials or destroy the Protected Materials, including copies, notes, or other transcriptions made therefrom. I hereby consent to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the Stipulation and Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certification is executed this \_\_\_\_\_ day of _____, at _____.

By: _____

Address: _____

_____

Phone: _____