| | |
|---|---|
| 1 | KARL OLSON (SBN 104760) |
| | AARON R. FIELD (SBN 310648) |
| 2 | CANNATA O'TOOLE FICKES & OLSON LLP |
| | 100 Pine Street, Suite 350 |
| 3 | San Francisco, California 94111 |
| | Telephone:   (415) 409-8900 |
| 4 | Facsimile:   (415) 409-8904 |
| | Email:       kolson@cofolaw.com |
| 5 |              afield@cofolaw.com |
| 6 | Attorneys for Intervenor |
| | THE SACRAMENTO BEE |
| 7 | |
| 8 | JOHN A. LAVRA, CSB No.: 114533 |
| | AMANDA L. MCDERMOTT, CSB No.: 253651 |
| 9 | LONGYEAR & LAVRA, LLP |
| | 3620 American River Drive, Suite 230 |
| 10 | Sacramento, CA 95864 |
| | Phone:       916-974-8500 |
| 11 | Facsimile:   916-974-8510 |
| | Email:       lavra@longyearlaw.com |
| 12 |              mcdermott@longyearlaw.com |
| 13 | Attorneys for Defendants |
| | COUNTY OF SACRAMENTO, SACRAMENTO |
| 14 | COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, JARROD HOPECK, and JEFFREY WILSON |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYCO M. RODRIQUE, | Case No. 2:17-cv-02698-WBS-EFB |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER MODIFYING PROTECTIVE ORDER** |
| v. | |
| COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, JARROD HOPECK, JEFFREY WILSON, and DOE 3 to 20, | Date:     N/A<br>Time:     N/A<br>Judge:    Hon. Edmund F. Brennan<br>Location: Ctrm. 8, 13th Floor |
| Defendants. | |

# STIPULATION

This Stipulation and Order Modifying Protective Order ("Stipulation and Order") is entered into by and among Intervenor *The Sacramento Bee* ("Intervenor") and defendants County of Sacramento, Sacramento County Sheriff's Department, Scott R. Jones, Jarrod Hopeck, and Jeffrey Wilson ("defendants") (collectively, "the parties"), by and through their counsel.

WHEREAS, Intervenor moved to intervene in this matter for the purpose of, among other things, lifting or modifying a previously issued protective order, ECF No. 40, such that plaintiff Mayco M. Rodrique ("plaintiff") would be permitted to disclose to Intervenor and Intervenor can receive and report to its readers and the public on documents related to the use of force incidents referenced in ECF No. 50-15, which includes at least the documents described at ECF No. 49 at 7:13-11:16.

WHEREAS, at a hearing on August 28, 2019, the Court granted Intervenor's motion to intervene and directed the parties to meet and confer further about the documents at issue in Intervenor's motion.

WHEREAS, at the August 28, 2019 hearing and in a minute order issued thereafter, to facilitate the parties' meet and confer efforts, the Court ordered (1) the parties to file a proposed stipulated attorney's eyes only protective order; (2) defendants to provide Intervenor's counsel with the same versions of the documents at issue in Intervenor's motion, including at least the documents described at ECF No. 49 at 7:13-11:16, that defendants had previously provided to plaintiff in discovery, subject to the order; (3) the parties to meet and confer about the legality of preventing the documents at issue in Intervenor's motion from being disclosed via a protective order; and (4) the parties to present any remaining disputes to the Court in a later joint statement to be filed by October 15, 2019 and heard by the Court on October 30, 2019 at 10:00 a.m.

WHEREAS, pursuant to the Court's directives at the August 28, 2019 hearing, the parties stipulated to an attorney's eyes only protective order, and the Court entered that order as

CANNATA O'TOOLE FICKES & OLSON LLP
ATTORNEYS AT LAW
100 PINE STREET, SUITE 350, SAN FRANCISCO CA, 94111
TEL: 415.409.8900 – FAX: 415.409.8904

1  modified by the Court, ECF No. 71.

2  WHEREAS, the parties have met and conferred and believe that they have independently resolved Intervenor's pending dispute over the scope of ECF No. 40.

NOW, THEREFORE, IT IS STIPULATED AND AGREED that:

1. Defendants shall transmit to Intervenor all documents at issue containing only those redactions that the parties have agreed to accept in this litigation within five (5) days of the date of entry of this stipulation and order by the Court. The documents at issue consist of only the documents related to the use of force incidents referenced in ECF No. 50-15 that were produced in discovery in the underlying litigation, which were bates labeled by Defendant County as COS 001058-001071, 001110-001149, 001170-001251, 001265-001322, 001326-001328, 001473-001572, 001586-001616, 001777-001847, and 030000-030591. These documents containing only those redactions agreed to by the parties in this litigation shall be referred to collectively herein as "the public documents."

2. For purposes of this stipulation and order, the parties have agreed to additional redactions to certain material in order to include that material in the public documents. Those additional redactions are to the materials bates labeled as: COS 001133,001135-001136, 001139-001140, 001142-001143, 001145-001146, 001316-001317, 001322, 001326-001327, 001784, 001797-001799, 001836, 001839, 001842-001843, 001845, 030011-030015, 030046-030049, 030104-030106, 030302-03021, 030330-030361, 030370-030403, 030530-030546, 030576-030582. The prior version of the materials that were designated as confidential, produced in this litigation subject to protective orders, and that do not contain these additional agreed upon redactions remain subject to Protective Order (ECF No. 40) and Attorneys Eyes Only Protective Order (ECF No. 71) and are not part of the public documents.

3. Effective immediately upon defendants' transmission of the public documents to Intervenor pursuant to section 1, *supra*, ECF No. 40 shall be modified such that the public documents and the information they contain are no longer protected from disclosure under ECF No. 40 to the extent that they are not redacted.

4. Effective immediately upon defendants' transmission of the public documents to Intervenor pursuant to section 1, *supra*, ECF No. 71 shall be modified such that the public documents and the information they contain are no longer protected from disclosure under ECF No. 71 to the extent that they are not redacted.

5. Effective immediately upon defendants' transmission of the public documents to Intervenor pursuant to section 1, *supra*, the public documents and the information they contain shall be public and not be subject to any previously imposed restriction by the Court to the extent that they are not redacted.

6. Nothing in this stipulation and order shall affect the validity or enforceability of the Protective Order issued in the underlying litigation (ECF No. 40) as to documents and information not specified in section 1, *supra*, that were not at issue in this litigation and are not contained in the public documents.

7. Within two business (2) days after defendants transmit the public documents to Intervenor the *Bee* pursuant to section 1, *supra*, the parties shall file a joint statement verifying that the transmission has occurred and the public documents have been redacted consistent with their agreement. Provided that the parties verify that the public documents have been disclosed and redacted in a manner that is consistent with their agreement, the scheduled hearing on this joint statement will be vacated.

8. This stipulation and order and the agreement that it memorializes do not waive Intervenor's right to argue that the information and kinds of information redacted in the public documents pursuant to this agreement, stipulation, and order in this case should not be redacted in other cases and contexts.

9. The agreements made by the parties as to the documents at issue in this matter are not intended to control any other document requests or disclosures. This agreement, stipulation, and order does not in any way modify or amend the policy, procedure, or practice of the County of Sacramento or the Sacramento County Sheriff's Department as to production and/or disclosure of law enforcement records and materials or the information contained therein

3
STIPULATION AND ORDER
CASE NO. 2:17-CV-02698-WBS-EFB

in litigation, discovery, and/or in response to requests made pursuant to the California Public Records Act, except to the extent that this agreement, stipulation, and order makes the public documents subject to disclosure under the California Public Records Act or other applicable laws. Nothing in this paragraph is intended to indicate Intervenor the *Bee*'s agreement with any such policies, procedures, and practices.

10. Each party agrees to bear its own attorney's fees and costs, and each party shall bear its own attorney's fees and costs pursuant to that agreement.

Respectfully submitted,

DATED: October 15, 2019  CANNATA O'TOOLE FICKES & OLSON LLP

By: /s/ Aaron R. Field
AARON R. FIELD

Karl Olson
Aaron R. Field

Attorneys for Intervenor
THE SACRAMENTO BEE

DATED: October 15, 2019  LONGYEAR & LAVRA, LLP

By: /s/ Amanda L. McDermott
AMANDA L. McDERMOTT

Attorneys for Defendants
COUNTY OF SACRAMENTO, ET AL.

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: October 16, 2019

HON. EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE